UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-00207-JVS-JDE | Date | May 28, 2025 |
| Title | John Underwood v. Julien Coallier | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Request for Entry of Default [23]**

Plaintiff John Underwood ("Underwood") requests entry of judgment against Defendant Julien Coallier ("Coallier"). (Request, Dkt. No. 23.) Federal Rule of Civil Procedure 55(a) governs entry of default. Under Rule 55(a), the clerk must enter default when the plaintiff shows that (1) the defendant has been served with summons; (2) the defendant has failed to file a timely pleading or motion; and (3) the defendant is neither a minor nor an incompetent person. Fed R. Civ. P. 55(a). For the following reasons, the Court **GRANTS** Underwood's Request for Entry of Default and hereby **ORDERS** the Clerk of Court to enter default against Collier.

  A. *Defendant has Been Served With Complaint and Summons*

On February 7, 2025, Underwood's counsel sent a copy of the Complaint and waiver of service forms to Coallier at his home address in Canada. (See Request at Ex. A.) According to FedEx's online tracking feature, this material was delivered and signed for on February 12, 2025. (Id.)

On March 12, because Coallier had not returned a waiver of service form, Underwood requested foreign service on Coallier. (See Dkt. No. 18.) On March 18, 2025, the Deputy Clerk issued a Notice of Service pursuant to Local Rule 4-5 and Federal Rule of Civil Procedure 4(f). (See Dkt. No. 21.) The clerk was authorized to issue notice of service pursuant to Rule 4(f), which allows service by the Clerk on an international defendant when consistent with the Article 10(a) of the Hague Convention. Canada does not object to the Hague Convention and thus, foreign mail service by clerk of court to a Canadian defendant was proper. See Fed. R. Civ. P. 4(f)(2)(C)(ii); see also

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:25-cv-00207-JVS-JDE         Date  May 28, 2025

Title  John Underwood v. Julien Coallier

Atl. Recording Corp. v. Iconic Holdings Ltd., 2022 WL 19076672, at *2 (C.D. Cal. Dec. 16, 2022). FedEx online tracking feature shows that this notice was delivered and signed for on March 21, 2025. (Request at Ex. B.)

On March 24, 2025, Underwood's counsel corresponded via email with Coallier to ensure that Coallier received the Complaint, summons, and notice of service. (Id. at Ex. C.) Coallier responded to this email, asserting that he had additional time to respond. (Id.) Coallier did not respond to Underwood's offer to extend extra time to respond. (Id.)

Therefore, the record sufficiently demonstrates that Coallier has been served with the Complaint and summons.

  B. *Defendants Have Failed to File Timely Pleadings or Responsive Motions*

Underwood filed a Complaint against Coallier on February 4, 2025. (Dkt. No. 1.) The Complaint was delivered and signed for on February 12, 2025. (See Request at Ex. A.) Coallier did not waive service.

On March 12, because Coallier had not returned a waiver of service form, Underwood requested foreign service on Coallier. (See Dkt. No. 18.) On March 18, 2025, the Clerk deposited Underwood's request to serve Coallier and filed a Notice of Service pursuant to Local Rule 4-5. (Dkt. No. 21.) On March 21, 2025, Underwood effected service of the Summons and Complaint. (See Dkt. No. 22 ¶ 5.)

Pursuant to Federal Rule 12(a), an Answer was due on April 11, 2025. See Fed. R. Civ. P. 12(a)(1)(A)(I) (a defendant must serve an answer within 21 days after being served with the summons and complaint). To date, Coallier has not filed an answer or defended against this action. Thus, Coallier has failed to timely file a pleading.

  C. *Defendants Are Neither Minors Nor Incompetent Persons*

Defendant is neither a minor nor incompetent.

Therefore, because Underwood has met all three requirements for entry of default under Rule 55(a), entry of default against each Defendant is proper here. Accordingly,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:25-cv-00207-JVS-JDE                                      Date   May 28, 2025

Title   John Underwood v. Julien Coallier

the Court **GRANTS** Underwood's Request for Entry of Default and **ORDERS** the Clerk of Court to enter default against Defendant Julien Coallier.

    **IT IS SO ORDERED.**