JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-00207-JVS-JDE | Date | August 11, 2025 |
| Title | John Underwood v. Julien Coallier | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** [IN CHAMBERS] **Order Regarding Motion for Default Judgment [28]**

Before the Court is Plaintiff John Underwood's ("Underwood") motion for default judgment. (Mot., Dkt. No. 28.) Julien Coallier does not oppose.

For the following reasons, the Court **GRANTS** the motion for default judgment, contingent on being provided a supplemental declaration with evidence of attorneys' fees and costs.

## I. BACKGROUND

The following allegations are taken from the Complaint unless otherwise specified. (Compl., Dkt. No. 1.) Underwood operates a YouTube channel called LOSALTVSTUDIO1, which provides public access to "programming of interest to communities in southern California, particularly in Orange and Los Angeles Counties." (Id. ¶ 15.) Among such programs are audio and video recordings of live performance of William Shakespeare plays by a local nonprofit theater company, Shakespeare by the Sea. (Id. ¶ 16.) Shakespear by the Sea creates scripts for its performances by reviewing printed Shakespeare texts that are in the public domain. (Id. ¶ 26.) Underwood has permission from Shakespeare by the Sea to post these videos. (Id. ¶ 16.)

Underwood's channel has 19 separate recordings of Shakespeare performances and none of his videos are monetized. (Id. ¶ 17.) Among other recordings, Underwood's channel features a 2013 recording of Shakespeare by the Sea's performance of *All's Well That Ends Well* and a 2017 recording of Shakespeare by the Sea's performance of *The Taming of the Shrew*. (Id. ¶ 18.) Underwood refers to these as the "Shakespeare Play

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-00207-JVS-JDE | Date | August 11, 2025 |
| Title | John Underwood v. Julien Coallier | | |

Recordings." (Id.)

In 2012, Coallier registered with the U.S. Copyright Office a series of Shakespear plays that he claimed were "[t]ranslated from poem formation to play formation." (Id. ¶ 19.) This series was comprised of 37 Shakespeare plays, including such classics as: *Romeo and Juliet*, *Macbeth*, *Hamlet*, *the Tempest*, *King Lear*, and more. (Id. (Ex. A).)

The present dispute began on February 19, 2024, when Coallier sent a takedown notice pursuant to Digital Millennium Copyright Act ("DMCA") § 512(c) to YoutTube headquarters in Mountain View, California. (Id. ¶ 20.) In his notice, Coallier claimed that his copyright extended to "[a]ll Shakespeare [p]lays." (Id. ¶ 21.) This notice contained Coallier's sworn oath that he was the exclusive owner of the copyright and that the materials complained about were not authorized for use by the copyright owner. (Id.) As a result of this action, two videos on Underwood's channel were removed and his channel was subject to a "strike." (Id. ¶ 22.) Underwood attempted to counter notice under 17 U.S.C. § 512(g)(2) to no avail. (Id. ¶ 24.) If a channel owner incurs too many valid copyright strikes, the owner is considered a repeat infringer and their entire YouTube account is subject to termination. (Id. ¶ 33.) Underwood has not restored the remaining 17 recording of Shakespeare performances that he took down from his account. (Id. ¶ 36.)

Underwood filed his Complaint on February 4, 2025. (Dkt. No. 1.) The Complaint was delivered and Coallier did not waive service. (See March 2025 Order, Dkt. No. 25.) Underwood properly served the Summons and Complaint on Coallier. (Id.) Coallier failed to file an answer or defend against this action. (Id.) On March 28, 2025, the Court issued an order directing the Clerk to enter default against Coallier. (Id.) To date, Coallier has not responded to the entry of default.

## II. LEGAL STANDARD

Before a court can enter a default judgment against a defendant, a plaintiff must satisfy the procedural and substantive requirements for default judgment.

### A. *Procedural Requirements*

For a default judgment, a plaintiff must satisfy the procedural requirements of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-00207-JVS-JDE | Date | August 11, 2025 |
| Title | John Underwood v. Julien Coallier | | |

Federal Rules of Civil Procedure. Rule 54(c) states that a default judgment cannot grant relief that is different from the requested relief in a complaint. Fed. R. Civ. P. 54(c). Under Rule 55(a), a clerk must enter a default when a defendant has failed to plead, defend, or appear in any form. Fed. R. Civ. P. 55(a). Lastly, if a defaulting party has appeared in an action, then a plaintiff needs to serve a motion for default on the defaulting party. Fed. R. Civ. P. 55(b)(2).

In addition, a party seeking a default judgment must satisfy the requirements of Local Rule 55-1. To satisfy Local Rule 55-1, a plaintiff needs to submit a declaration establishing (1) when and against whom the clerk entered a default, (2) the pleading on which default was entered, (3) whether the defaulting party is an infant or incompetent "and if so, whether that person is represented by a guardian, committee, conservator or other representative," (4) whether the Servicemembers Civil Relief Act applies; and (5) whether the plaintiff served a notice of the motion on the defaulting party, if required by Federal Rule of Civil Procedure 55(b)(2). L.R. 55-1.

      B.     *Substantive Requirements*

The Ninth Circuit has identified seven factors (together, the "Eitel factors") that a court considers when determining whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at issue; (5) the possibility of a dispute regarding material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Taken together, the second and third Eitel factors, related to the merits of a plaintiff's claims and the sufficiency of the complaint, address whether the party seeking default judgment has stated a claim upon which it may recover. See, e.g., Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 498 (C.D. Cal. 2003) (citing PepsiCo Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172 (C.D. Cal. 2002)).

On an application for a default judgment, the factual allegations in the complaint are taken as true, with the exception of those regarding damages. See Pope v. United States, 323 U.S. 1, 12 (1944); Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). "[N]ecessary facts not contained in the pleadings, and claims which are legally

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-00207-JVS-JDE | Date | August 11, 2025 |
| Title | John Underwood v. Julien Coallier | | |

insufficient, are not established by default." Cripps v. Life Ins. Co., 980 F.2d 1261, 1267 (9th Cir.1992).

### III. DISCUSSION

    *A.    Procedural Requirements*

First, Underwood must satisfy the procedural requirements for default judgment. Underwood has provided a declaration that the clerk entered default against Coallier on May 28, 2025 based on Coallier's failure to answer or otherwise respond to Underwood's complaint. (Decl. of Corey A. Donaldson ("Donaldson Decl."), Dkt. No. 28-1 ¶ 9.) The declaration also states that Coallier is not an infant or incompetent, and does qualify under the Servicemembers Civil Relief Act. (Id. ¶¶ 10–11.) Finally, the declaration states that Underwood is not required to be serviced but was served nonetheless now as a courtesy. (Id. ¶ 12.)

Accordingly, the procedural requirements have been satisfied.

    *B.    Substantive Requirements*

In this case, all Eitel factors weigh in favor of granting default judgment.
    1.    <u>Possibility of Prejudice to Plaintiff</u>

Under the first Eitel factor, the Court considers the possibility of prejudice to the plaintiff. Eitel, 782 F. 2d at 1472. A plaintiff would be prejudiced by a court's refusal to enter default judgment if the plaintiff would then have no other recourse for recovery. PepsiCo, Inc., 238 F. Supp. 2d at 1177. Because Coallier has failed to appear in this action, a default judgment is Underwood's only form of relief. Underwood would be prejudiced if the Court denied default judgment. Accordingly, this factor favors default judgment.

    2.    <u>Merits of Plaintiff's Claim and Sufficiency of Complaint</u>

Taken together, the second and third Eitel factors, related to the merits of a plaintiff's claims and the sufficiency of the complaint, address whether the party seeking default judgment has stated a claim upon which it may recover. See, e.g., Philip Morris

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-00207-JVS-JDE | Date | August 11, 2025 |
| Title | John Underwood v. Julien Coallier | | |

USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 498 (C.D. Cal. 2003) (citing PepsiCo Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172 (C.D. Cal. 2002)).

### a. Declaratory Relief

The Declaratory Judgment Act requires that a party seeking declaratory relief must allege: (1) an actual controversy, (2) regarding a matter within federal subject matter jurisdiction. 28 U.S.C. § 2201(a). Once a court has constitutional and statutory jurisdiction to hear a case brought pursuant to this Act, the court may hear the action without considering sua sponte whether jurisdiction should be declined. Gov. Emps. Ins. Co. v. Dizol, 133 F.3d 1220, 1224 (9th Cir. 1998). To prevail on a claim of copyright infringement, a plaintiff must show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Great Minds v. Office Depot, Inc., 945 F.3d 1106, 1110 (9th Cir. 2019).

In this case, Underwood has demonstrated that there is an actual controversy and that this Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Accepting the allegations in the complaint as true for the purposes of this motion, Underwood has established that he did not infringe on Coallier's copyright.

The Complaint does not directly dispute that Coallier may have ownership of a valid copyright.[1] Rather, the Complaint assumes *arguendo* that if there is a valid copyright, Underwood did not infringe. (Compl. ¶¶ 46–48.)

"[A] registration for a work of authorship only covers the material that is included in the deposit copy(ies)" and "does not cover authorship that does not appear in the deposit copy(ies), even if the applicant expressly claims that authorship in the application." Copyright Registration Practice § 27:11 (2025) (citing U.S. Copyright Office, Compendium of U.S. Copyright Office Practices, § 504.2 (3d ed. 2021)). Underwood alleges that after examining the copy of the deposit copy provided by Coallier provided by the U.S. Copyright Office, Coallier did not supply any translation of *The Taming of the Shrew*, *All's Well That Ends Well*, nor "any of Shakespeare's 33

---

[1] The prayer for relief, however, requests that the Court refer the registration of the copyright to the Copyright Office to determine whether it is, indeed, valid.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:25-cv-00207-JVS-JDE                                   Date   August 11, 2025

Title   John Underwood v. Julien Coallier

other plays besides *Antony and Cleopatra* and *A Midsummer Night's Dream*." (Compl. ¶ 45.) Assuming these factual allegations as true, Coallier would not be able to assert copyright protection for any of the 37 plays aside from the two specified above. Thus, the Shakespeare Play Recordings did not infringe Coallier's copyright.

On this basis alone, the Court finds that the merits of Underwood's Complaint favor default judgment. The Complaint does not provide sufficient factual allegations to prevail on any other theory of relief, such as fair use or independent creation.[2]

### b.   17 U.S.C. § 512(f) Misrepresentation

Underwood also includes a claim for misrepresentation under 17 U.S.C. § 512(f). The DMCA was enacted to "combat ongoing copyright infringement." Rossi v. Motion Picture Ass'n of Am. Inc., 391 F.3d 1000, 1003 (9th Cir. 2004). To enforce this agenda, the DMCA provides strong incentives for service providers and copyright owners to notice and remove infringements. Id. But with this power to remove also comes a liability for any copyright owner who "knowingly materially misrepresents . . . that material or activity is infringing." 17 U.S.C. § 512(f). "[T]o prevail on a false-takedown-notice claim, a claimant must establish that: (1) a misrepresentation in the notice led the service provider to remove the content; and (2) the party that sent the notice had 'some actual knowledge of misrepresentation.'" Yuga Labs, Inc. v. Ripp, No. 24-879, 2025 WL 2056060, at *25 (9th Cir. July 23, 2025). But, "[a] copyright owner cannot be liable simply because an unknowing mistake is made, even if the copyright owner acted unreasonably in making the mistake." Rossi, 391 F.3d at 1005.

Here, Underwood alleges that there was a misrepresentation that led YouTube to take down his content. (Compl. ¶ 20.) The Complaint sufficiently alleges this element where Underwood's usage of the Shakespeare Play Recordings was not infringing and ultimately led to the removal of content. (Id. ¶ 22.) Underwood also sufficiently alleges that Coallier had actual knowledge of misrepresentation. As alleged in the Complaint, Coallier claimed that he "own[ed] rights over all [Shakespeare] plays" when he really only owned the translations of two plays, neither of which were depicted on Underwood's channel. (Id. ¶¶ 28, 51.) Moreover, Coallier's Certificate of Registration

---

[2] Nor does the motion for default judgment address the merits of these arguments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-00207-JVS-JDE | Date | August 11, 2025 |
| Title | John Underwood v. Julien Coallier | | |

only provides ownership of his "translations," not all works of Shakespeare in the public domain. (Id. ¶¶ 50, 51.) Accordingly, the merits of Underwood's misrepresentation support default judgment.

### 3. Sum of Money at Issue

The fourth Eitel factor considers "the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1176. The Complaint seeks three specific forms of relief: (1) declaratory relief, (2) that the matter be referred to the Copyright Office to determine whether Coallier's registration should be cancelled, and (3) an award of costs and attorney's fees. (Compl., Dkt. No. 1 ¶¶ 57–58.) In his motion for default judgment, Underwood requests $2,505.62 in attorneys' fees. (Donaldson Decl. ¶ 12.) The Court finds that the requested remedies are reasonable and proportionate under the circumstances. Accordingly, this factor favors default judgment.

### 4. Possibility of Dispute Regarding Material Facts

On an application for a default judgment, the factual allegations in the complaint are taken as true, with the exception of those regarding damages. See Pope, 323 U.S. at 12; Geddes, 559 F.2d at 560. Here, Coallier has not appeared to challenge any of Underwood's factual allegations and these allegations are assumed to be true for the purpose of default judgment. With respect to damages, Underwood is merely seeking declaratory judgment and that the matter be referred to the Copyright Office. Thus, there is no damages to be proven.

However, the Court requests that Underwood file a supplemental declaration providing evidence of attorneys' fees and costs.

### 5. Whether Default was Due to Excusable Neglect

The sixth Eitel factor favors default judgment when the defendant has been properly served." Wecosign, Inc. v. IFG Holdings, Inc., 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012) (citing Landstar Ranger, Inc. v. Parth Enterprises, Inc., 725 F. Supp. 2d 916, 922 (C.D. Cal. 2010)). In this case, Coallier was not represented by counsel and did not make an appearance in this Court. However, Coallier was provided numerous

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-00207-JVS-JDE | Date | August 11, 2025 |
| Title | John Underwood v. Julien Coallier | | |

opportunities to appear since February 2025, and has been served with the Complaint, Summons, Entry of Default, and motion for default judgment. Coallier's failure to appear demonstrates a choice not to defend this action and not excusable neglect. Thus, this factor favors default judgment.

### 6. Strong Policy Favoring Decisions on the Merits

"Cases should be decided on their merits wherever possible." Eitel, 782 F.2d at 1472. However, failure to appear makes it impractical for the Court to make a decision on the merits. Penpower Tech. Ltd. v. S.P.C. Tech., 627 F.2d 1083, 1093 (N.D. Cal. 2008). Here, Coallier has not defended himself in this action. Thus, the seventh Eitel factor favors default judgment.

### 7. Conclusion

The Court finds that all of the Eitel factors favor granting Underwood's motion for default judgment. Underwood is entitled to the relief sought in the Complaint and his motion for default judgment. Specifically, Underwood is entitled to declaratory judgment that the recordings of Shakespeare by the Sea on his channel did not infringe any valid copyright owned by Coallier. Additionally, the Court will refer the matter to the Register of Copyrights. With respect to attorneys' fees and costs, the Court requires a supplemental declaration of proof to be filed by Underwood.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion for default judgment, contingent on being provided a supplemental declaration with evidence of attorneys' fees and costs.[3]

Pursuant to 17 U.S.C. § 411(b)(2), the Court refers this matter to the Register of Copyrights to advise the Court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration. This request shall be send to the

---

[3] Underwood shall be prepared to file a proposed judgment with the Court following its ruling on attorneys' fees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:25-cv-00207-JVS-JDE                              Date   August 11, 2025

Title   John Underwood v. Julien Coallier

General Counsel of the Copyright Office via email to 411filings@copyright.gov.  See 37 C.F.R. § 205.14.

       **IT IS SO ORDERED.**

     The Court further finds that oral argument would not be helpful on this matter. Fed. R. Civ. P. 78; L.R. 7-15.  Accordingly, the Court **VACATES** the August 18, 2025, hearing.