UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-00207-JVS-JDE | Date | September 25, 2025 |
| Title | John Underwood v. Julien Coallier | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] Order Regarding Plaintiff's Motion for Attorney Fees and Costs [32]**

Before the Court is Plaintiff John Underwood's ("Underwood") Motion for Attorney Fees and Costs. (Mot., Dkt. No. 32.) Defendant Julien Coallier ("Coallier") filed no opposition and has made no appearance in this case.

For the following reasons, the Court **GRANTS** the motion. The Court awards Underwood the following: $19,983.69 in attorney fees and $2,027.46 in costs. Underwood shall submit a form of judgment within seven days reflecting this decision.

## I. BACKGROUND

On August 27, 2012, Defendant Julien Coallier registered a copyright for "Shakespeare Translated from poem formation [sic] to play formation [sic]." (Compl., Dkt. No. 1, Ex. A.) The copyright is under Registration No. TXu001826253. (Id.)

In 2013 and 2017, Plaintiff John Underwood recorded performances of William Shakespeare's *All's Well That Ends Well* and *The Taming of the Shrew* put on by the nonprofit drama company Shakespeare by the Sea. (Compl. ¶ 3–4.) With Shakespeare by the Sea's permission, Underwood posted the recordings to his personal YouTube channel, LOSALTVSTUDIO1. (Compl. ¶¶ 3, 15; Ex. E.)

On February 19, 2024, Coallier submitted a "takedown notice" to YouTube under the Digital Millennium Copyright Act ("DMCA"), claiming that more than 50 YouTube videos—including those posted by Underwood—violated Coallier's copyright. (Compl. ¶ 4; Ex. E at 4–6.) On February 20, 2024, YouTube removed the 2013 and 2017 videos

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:25-cv-00207-JVS-JDE                                Date   September 25, 2025

Title   John Underwood v. Julien Coallier

from Underwood's channel.  (Compl. ¶ 22; Ex. C at 3–5.)  A month later, Underwood filed a "counter notice" with YouTube, arguing that his videos did not violate any copyright.  (Compl. ¶ 23; Ex. C at 2.)  Despite the counter notice and a series of emails with YouTube staff members, Underwood was unable to reinstate his videos.  (See Compl., Ex. C.)

Unsuccessful in dealing with YouTube, Underwood's colleague Jeffrey Whitten began contacting Coallier directly.  (Compl., Ex. F at 6–7.)  On July 12, 2024, Whitten sent an email to Coallier seeking to "cooperate and find a resolution."  (Id.)  Less than an hour later, Coallier responded, appearing to request financial compensation.  (Id. at 4–5.)  A series of emails between Coallier and Whitten followed, and they were unable to resolve the issue.  (Id. at 1–4.)

On February 4, 2025, Underwood filed a Complaint against Coallier for violations of the Copyright Act and Digital Millennium Copyright Act ("DMCA"), seeking declaratory relief and damages.  (Dkt. No. 1.)  On August 11, 2025, Underwood prevailed in this lawsuit by default judgment.  (Dkt. No. 30.)  At no point has Coallier made an appearance before this Court.

On August 25, 2025, Underwood filed the present Motion for Attorney Fees and Costs.  (Dkt. No. 32.)

## II.  Legal Standard

    A.   *Costs and Attorney Fees, Rule 54*

Attorneys may move for attorney fees and "related non taxable expenses."  Fed. R. Civ. P. 54(d)(2)(A).  To successfully file such a motion, the moving party must (1) file within 14 days of the entry of judgment, (2) specify the grounds for the award, and (3) state the amount sought.  Id. 54(d)(2)(B)(i)–(iii).

    B.   *DMCA Attorney Fees Provision, 17 U.S.C. § 512(f)*

If a party "knowingly materially misrepresents" that an activity infringes copyright, then that party is liable for "any damages, including costs and attorneys' fees, incurred by the alleged infringer . . . ."  17 U.S.C. 512(f).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-00207-JVS-JDE | Date | September 25, 2025 |
| Title | John Underwood v. Julien Coallier | | |

    C.    *Calculation of Attorney Fees*

    The calculation of attorneys' fees is guided by a "lodestar/multiplier" analysis, which is performed by multiplying hours reasonably expended on the litigation by a reasonably hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

    A party seeking post-judgment fees is entitled only to those that are reasonably and necessarily incurred to enforce the judgment. To determine whether a fee award is "reasonable," courts perform a two-step process. First, the Court performs a "lodestar/multiplier" analysis, which is performed by multiplying hours reasonably expended on the litigation by a reasonably hourly rate. Id. In setting "a reasonable attorney's fee, the court should make specific findings as to the rate and hours it has determined to be reasonable." Gracie v. Gracie, 217 F.3d 1060, 1070 (9th Cir. 2000) (quoting Frank Music Corp. v. Metro-Goldwyn Mayer Inc., 886 F.2d 1545, 1557 (9th Cir. 1989)). To determine reasonable hourly rates, the Court must look to the prevailing rate in the community for similar work performed by attorneys of comparable skill, experience, and reputation. Camacho v. Bridgeport Fin., Inc., 523 F.3d 973 (9th Cir. 2008). The burden of proving the reasonableness of the lodestar figure is on the party seeking fees. Hensley, 461 U.S. at 437; Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542 (2010); Intel Corp. v. Terabyte Int'l, Inc., 6 F.3d 614, 622 (9th Cir. 1993). Counsel must establish that the number of hours expended is reasonable by submitting "detailed time records" justifying the hours claimed to have been expended. Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986).

    Second, the Court may adjust the lodestar figure "based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided." Id. (quotation marks and citations omitted); see also Ketchum v. Moses, 24 Cal. 4th 1122, 1132 (2001) ("[T]rial courts must carefully review attorney documentation of hours expended; 'padding' in the form of inefficient or duplicative efforts is not subject to compensation."). The Court may consider the Kerr factors, Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975) to guide its decision. The Kerr factors have been identified as:

    (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-00207-JVS-JDE | Date | September 25, 2025 |
| Title | John Underwood v. Julien Coallier | | |

acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Id. But courts may not adjust the lodestar figure based on any of the foregoing factors that are necessarily subsumed into the original lodestar calculation. Morales v. City of San Rafael, 96 F.3d 359, 364, 364 n.9 (9th Cir. 1996). The "subsumed" factors are the second, third, sixth, eighth, and ninth factors. Id. (noting that doing so is a "disfavored procedure," but so long as the court "only makes one adjustment per factor, either before or after the lodestar calculation," the error is harmless). The Court notes that the first, fifth, and twelfth factors, i.e., the time and labor required, the customary fee, and fee awards in similar cases are likewise subsumed into the original lodestar calculation.

The amount may also be reduced if the hours are duplicative, excessive, or otherwise unnecessary. Terabyte Int'l, Inc., 6 F.3d at 622. In such instances, the courts may impose a 10% "haircut" based purely on an exercise of discretion and without a more specific explanation. Moreno v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008); cf. Costa v. Commissioner of Social Security Administration, 690 F.3d 1132 (9th Cir. 2012) (holding that a judge is required to provide specific reasons for reducing the number of hours by a third). "Although the district court's calculation of an award need not be done with precision, some indication of how it arrived at its figures and the amount of the award is necessary." Chalmers, 796 F.2d at 1211.

### III. Discussion

  A. *Timeliness*

Motions pursuant to Rule 54 must be made within 14 days of the entry of judgment. Here, judgment was entered on August 11, 2025, and the Motion was filed on August 25, 2025, 14 days later. This Motion is timely.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-00207-JVS-JDE | Date | September 25, 2025 |
| Title | John Underwood v. Julien Coallier | | |

B.  Whether Underwood Is Entitled to Costs and Attorney Fees

To be liable for costs and attorneys' fees, an individual must knowingly and materially misrepresent that material is infringing.  17 U.S.C. § 512(f).

In its Order Regarding Underwood's Motion for Default Judgment, the Court made the following findings: (1) Underwood sufficiently alleged material misrepresentation (see Compl. ¶¶ 20, 22); and (2) Underwood "sufficiently allege[d] that Coallier had actual knowledge of misrepresentation" (see Compl. ¶¶ 28, 51).  (Dkt. No. 30 at 6–7.)  Thus, this requirement is met, and Underwood is entitled to an award of costs and attorney fees.

C.  Calculation of Costs

Costs recoverable by the prevailing party have historically included court filing fees, fees for serving the defendant, and other expenses necessary to carry out the litigation.  See, e.g., Hancock v. I.C. Sys., Inc., 592 F. Supp. 3d 250, 258 (S.D.N.Y. 2022).  In general, courts have "wide discretion" on this matter, including whether a particular cost is appropriate to award.  Energy Mgmt. Corp. v. City of Shreveport, 467 F.3d 471, 483 (5th Cir. 2006).

Underwood seeks $2,207.46 in costs, and the Court will analyze each expense in turn.

1.  Donaldson's Costs

Corey Donaldson is an attorney representing Underwood in this matter.  (Dkt. No. 32-2.)  He seeks $1,290.46 in costs for the following expenses:

- $405.00 court fee to file the Complaint
- $885.46 in total costs related to serving Coallier

(Id., Ex. B.)  Because these costs are related to filing fees and service, the Court finds it proper to award the full $1,290.46.

2.  Levy's Costs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-00207-JVS-JDE | Date | September 25, 2025 |
| Title | John Underwood v. Julien Coallier | | |

Paul Allen Levy is another attorney representing Underwood in this matter. (Dkt. No. 32-4.) He seeks $737.00 in costs for the following expenses:

- $500.00 court fee to file a pro hac vice application with this Court
- $25.00 fee to secure a certificate of good standing to support his application to file an application pro hac vice
- $212.00 to acquire the deposit copy of Coallier's copyright registration from the U.S. Copyright Office

(Id. ¶¶ 3, 17.) The first two costs on this list are related to filing fees, which the Court grants. Noting that this Motion is unchallenged, the Court exercises its discretion to determine that the $212.00 spent to acquire the copyright deposit was also reasonable. Thus, the Court finds it proper to award the full $737.00.

   D.   *Calculation of Attorney Fees*

In deciding whether the requested attorney fees are appropriate, the Court considers the Kerr factors referenced above. In addition, it notes the following:

- Two of Underwood's attorneys—Levy and Phillip Malone—have more than 35 years of experience practicing law. (Dkt. No. 32-4 ¶ 11.)
- Donaldson has more than 13 years of experience practicing law. (Dkt. No. 32-2 ¶ 7.)
- The attorneys in this case represented Underwood pro bono. (Dkt. No. 32-2 ¶ 6; Dkt. No. 32-4 ¶ 3.)
- More than 60 percent of the hours spent on this case were by four Certified Law Students at the Juelsgaard Intellectual Property and Innovation Clinic at Stanford Law School. (Dkt. No. 32 at 3; Dkt. No. 32-4 ¶¶ 3, 9, 13.)
- Malone has warranted under penalty of perjury that $125 per hour is "the rate that clinics in the Mills Legal Clinic typically use for Certified Law Student time," and this figure is not unreasonable on its face.
- This case was based on DMCA claims, which requires some degree of specialized knowledge in the field of copyright law.
- Underwood's attorneys prevailed on all claims in this case. (Dkt. No. 30.)
- Underwood's attorneys have volunteered to accept only about 45 percent of the fees reasonably calculated. (Dkt. No. 32 at 3–4.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-00207-JVS-JDE | Date | September 25, 2025 |
| Title | John Underwood v. Julien Coallier | | |

- Coallier has not challenged Underwood's Motion.

Based on these factors and the nature of the case generally, the Court finds the request of $19,983.63 to be reasonable.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion. The Court awards Underwood the following: $19,983.69 in attorney fees and $2,027.46 in costs. Underwood shall submit a form of judgment within seven days reflecting this decision.

**IT IS SO ORDERED.**

The Court further finds that oral argument would not be helpful on this matter. Fed. R. Civ. P. 78; L.R. 7-15. Accordingly, the Court **VACATES** the September 29, 2025 hearing.